MARY JOHNSON, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs April 8, 1914.
Opinion Filed May 5, 1914.

1. **APPELLATE PRACTICE: Conclusiveness of Verdict.** The question of whether a verdict is against the weight of the evidence is not open to consideration by an appellate court.

2. **DAMAGES: Personal Injuries: Excessiveness of Verdict.** Where a seamstress, aged 45, was thrown down violently, her body bruised, scalp cut, her nervous system seriously affected, disabling her from following her occupation, and from the effects of which she still suffered at the time of the trial,

Johnston v. United Railways Co.

,physicians testifying that her injuries were liable to be permanent, a verdict for $3500 was not excessive.

3. **CARRIERS OF PASSENGERS:** Injury to Passenger from Premature Start of Street Car: Instructions. In an action for injuries to a passenger on a street car, resulting from the car being started while she was alighting from it, *held* that a clause in an instruction given for plaintiff, requiring the jury to find that plaintiff was alighting from the car "in the presence and sight of defendant's conductor," was not vulnerable to the objection that it was not supported by the evidence.

4. **DAMAGES:** Personal Injuries: Action by Married Woman: Instructions. In an action by a married woman for personal injuries, an instruction on the measure of damages, directing the jury that they could award her damages "for any injuries to her person which has or may impair her physical ability to work or earn money on and for her separate account and use, independent of her husband, *and of the performance of her household duties*," did not, by the use of the words italicized, permit the jury to allow compensation for inability of plaintiff to perform household duties; the clear and natural meaning of these words being that compensation for inability to perform such duties was excluded.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Boyle & Priest* and *R. E. Blodgett* for appellant.

(1) Plaintiff's first instruction, covering the case, is erroneous because it is not supported by the evidence. Smith v. City of Sedalia, 152 Mo. 283; Progress Press-Brick & Machine Co. v. Brick & Quarry Co., 151 Mo. 501; Hahn v. Cotton, 136 Mo. 216; Mateer v. Railroad, 105 Mo. 320. (2) The court erred in instructing the jury on the measure of damages. Kroner v. Transit Co., 107 Mo. App. 41; Wallis v. Westport, 82 Mo. App. 522; Blair v. Railroad, 89 Mo. 334; Smith v. St. Joseph, 55 Mo. 456; Becker v. Real Estate Co., 118 Mo. App. 742; Plummer v. Milan, 70 Mo. App. 601; Thompson v. Railroad, 135 Mo. 217. (3) The verdict is ex-

cessive. (4) The verdict is against the overwhelming weight of the evidence.

*John T. Murphy* and *Frank Coffman* for respondent.

REYNOLDS, P. J.—This is an action for damages for injuries sustained by plaintiff, who, while the car upon which she was a passenger was stopped, was attempting to alight and, as it is alleged, without notice or warning to her and before she could alight in safety therefrom, the car was suddenly and negligently started by defendant's employees in charge thereof, in consequence of which plaintiff was thrown from the car with great force and violence and greatly and permanently injured. Plaintiff averring she is a married woman, and pleading the facts connected with her injury, and setting out damages which she had sustained, prayed judgment.

The answer was a general denial, accompanied by a plea of contributory negligence, to which latter there was a reply.

The jury returned a verdict in favor of plaintiff in the amount of $3500; judgment followed and, interposing a motion for new trial and excepting to that being overruled, defendant has duly perfected its appeal.

It may be said of this case that it presents one of a class of accidents quite common and often before us prior to the installation by the United Railways Company of its present system of entrance and exit of passengers, a kind of accident not so likely to occur to passengers entering or leaving the cars, if the regulations under which street cars are now operated are observed.

There is the usual conflict in testimony as in cases of this character. The plaintiff testified to the happening of the accident; that she was a passenger and had signalled the car to stop; that it came to a stop, and

when she got up to get off and was standing on the back platform, one foot on the lower step, the conductor being at the other end of the car standing over a passenger, "with his face that way (indicating)," the car started with a sudden jerk and threw her off. Defendant's evidence tended to show that plaintiff attempted to alight while the car was in motion.

There are four assignments of error. First, that the instruction covering plaintiff's case is not supported by the evidence. Second, that the court erred in its instruction on the measure of damages. Third, that the verdict is excessive. Fourth, that the verdict is against the overwhelming weight of the evidence.

Disposing of the two latter contentions, the weight of the evidence is not for our consideration. Nor can we hold the verdict excessive in the light of the evidence, particularly when it has the approval of the learned trial judge. The evidence, practically uncontradicted as to the injuries, is that plaintiff, a woman of about forty-five years of age, a seamstress by occupation, had been thrown down violently, her body bruised, her scalp cut, her nervous system seriously affected, she disabled from following her occupation, and at the time of the trial still suffering from the effects of the accident, physicians testifying that at her age the effects of her injuries were liable to be permanent. With such evidence, we cannot say the verdict is excessive.

The error as to the instruction complained of is in this clause: "And if you further find and believe from the evidence that while said car was so stopped to enable plaintiff to alight therefrom, and that while in the presence and sight of defendant's conductor in charge of said car," etc. It is claimed that there is no evidence whatever to support this; that is, that there is no evidence that plaintiff was alighting "in the presence and sight of defendant's conductor."

That she was attempting to alight in the presence of the conductor, certainly is supported by her testimony, for she says that the conductor was on the car; that she saw him in the front part of it; that he was standing over a passenger "with his face that way (indicating)." It is impossible for us to understand the direction in which she says the conductor was looking by this testimony, the witness indicating it by a motion of her hand, as we take it. Whether she indicated by her gesture that the conductor had his face turned toward her or from her, we cannot say, but as the court heard it and saw the motion and instructed the jury as above, indulging the presumption that always attends the ruling of the trial court, we must assume that the indication made by the witness (plaintiff) was of such a character as to indicate that the conductor saw her as she was trying to alight. Confirmation is given to this view by the unchallenged and uncontradicted testimony of plaintiff, that after she had fallen from the car and the conductor came out to where she was lying, he, in answer to some question of a bystander as to how it happpened, said: "It was the motorman's fault;" that he (the conductor) "rang the signal." The testimony of plaintiff was very distinct that she had rung the signal to stop and that after that she arose from her seat and started to the rear platform, the car had stopped, not at a usual stopping place, but between two streets. That was not likely to result, save on signal of the conductor. Taking all this evidence together, it is fair to assume that plaintiff was attempting to alight in the presence and with the knowledge of the conductor, and that is all that is meant by this part of the instruction. We see no error in it.

The part of the instruction on the measure of damage complained of is to the court telling the jury this: That the jury, if they found for plaintiff, in measuring her damage, may take into consideration and award her damages, "Second, for any injuries to her person

which has or may impair her physical ability to work or earn money on and for her separate account and use independent of her husband, *and of the performance of her household duties,* not exceeding nine dollars per week." Learned counsel for appellant claim that the words we have underscored allow compensation for performance of household duties. We think learned counsel have fallen into an error in so construing these words, "and of the performance of her household duties." The clear and natural meaning of this clause is that compensation for performance of household duties is excluded. Plaintiff, as we read this paragraph of the instruction, is confined to a recovery for her personal injuries and loss of her separate earnings; to her own pain and suffering and loss of her physical ability to earn money on and for her separate account. No evidence of the value of her services to her husband was offered. These are the only errors assigned and we think them untenable.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.